**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **FREDERICK J. GREDE**, as Liquidation Trustee of the Sentinel Liquidation Trust,<br><br>        Plaintiff,<br>v.<br><br>**STEPHEN M. FOLAN, JACQUES DE SAINT PHALLE,** and **FTN FINANCIAL SECURITIES CORP.,**<br><br>        Defendants. | Case No. 08 CV 6587<br><br>Honorable James B. Zagel |

**TRUSTEE'S MOTION TO COMPEL
<u>PRODUCTION OF DOCUMENTS AND TO SET A TRIAL DATE</u>**

On June 25, 2010, the Trustee served a document request on FTN seeking "[a]ll documents produced by [FTN] to the Securities and Exchange Commission (SEC) in or with regard to a Sentinel-related investigation, inquiry or matter." (Ex. A, Req. No. 41.) On August 31, 2010, the Trustee served an identical request on Folan and de St. Phalle. All defendants have objected to the Request and have stated that instead of producing the entire SEC production to the Trustee, defendants will only provide the Trustee with the documents from that production that they unilaterally have decided are relevant to this case based on criteria that are opaque. (Ex. B.) Even with regard to that improperly limited set of documents, FTN has made only partial productions of SEC documents to the Trustee in the more than three months since the Request was served on it. Folan and de St. Phalle first produced a small handfull of documents responsive to this Request a day ago.

Moreover, on July 28 and 30, 2010, the Trustee served over 60 other pending requests for documents in addition to those produced to the SEC, in response to which defendants have conducted no searches and produced no electronic documents. Defendants have refused to <u>begin</u>

their search for and production of those documents until they complete their rolling production to the SEC or even to provide the Trustee with a date on which their productions will begin. Instead, in its written responses to those other Requests, FTN has in large part merely referred to its incomplete production of SEC documents. However, many of the requested documents are not included in the documents produced to the SEC that the Trustee has received. FTN also has refused to provide substantive answers to any of the Trustee's Interrogatories, instead referring generally to its incomplete document production. Defendants Folan and de St. Phalle have not produced a single document in response to those other Requests.

Without Court intervention, defendants will grind this case to a standstill. This Court should enter an order compelling defendants to produce to the Trustee all of the documents they have produced to the SEC in Sentinel-related matters, and to expeditiously begin and complete their production of documents responsive to the Trustee's other Requests by a date certain.

In order to properly incentivize the parties to proceed expeditiously with discovery, the Court should also set a trial date for the summer of 2011.

### Defendants' Objections to the Trustee's Request for All Documents Produced to the SEC in Sentinel-related Matters Are Meritless.

Request No. 41, by its express terms, is limited to documents produced "in or with regard to a Sentinel-related investigation, inquiry or matter." The SEC has subpoenaed Sentinel-related documents from defendants in the investigation entitled *In re Sentinel Management Group, Inc.* Those are the documents the Trustee seeks. It is inconceivable that documents responsive to the Trustee's Request could somehow be irrelevant or not likely to lead to the discovery of admissible evidence.

After refusing for weeks to provide any explanation of which categories of documents it is not producing to the Trustee from the documents it has produced to the SEC, FTN finally

identified four categories of documents it is withholding: 1) documents relating to customers other than Sentinel; 2) privileged documents inadvertently produced to the SEC; 3) documents superseded by corrected versions;[1] and 4) the personnel files of Defendants Folan and de St. Phalle and FTN PreTSL trader Alan Jankowski.

However, despite defendants' assertions regarding what types of documents have been withheld, based on the Trustee's review of transcripts of the SEC's depositions of FTN witnesses in the *In re Sentinel Management Group, Inc.* investigation, it is apparent that defendants are still withholding relevant documents from the SEC production, including documents that specifically relate to Sentinel and the suitability of PreTSLs. For example, one document that the SEC used as an exhibit but that has not been produced to the Trustee is a November 10, 2006 email between FTN's Chief Compliance Officer Joel Ross, FTN Risk Officer Charles Tuggle, and other FTN employees concerning FTN's scheme to help Mosley park securities with FTN at the end of 2006. Ross writes "Per Rod [Turner, an FTN Executive Vice President] customer [Sentinel] just wanted to reduce all types of securities for year end, including income notes, which is where we come in." (SEC Ex. 151.) This document directly relates to Sentinel and clearly is relevant.

Other illustrative examples of documents that defendants are withholding from the Trustee include a May 5, 2006 email exchange between Ross and FTN employees regarding a proposed "suitability test" for the sale of PreTSLs to FTN customers (SEC Ex. 180), and another email from the same day regarding FTN's policy to review all sales of PreTSL income notes to FTN customers prior to completing a sale. (SEC Ex. 181.) Given that the suitability of PreTSLs

---

[1] Defendants have not provided any details regarding the documents that were supposedly superseded or corrected, nor the details of its claw back from the SEC of allegedly privileged documents.

is a key issue in this case, those documents plainly are relevant and should be produced. There may be numerous other similar documents that FTN is withholding from the Trustee. Thus, it is clear that there are documents that relate directly to Sentinel or the suitability of PreTSLs that defendants refuse to produce to the Trustee and that do not fall within any of the categories identified by FTN.

Moreover, the only substantive criterion for withholding documents that any of the defendants has identified – documents that supposedly relate to customers other than Sentinel – does not justify defendants' refusal to produce to the Trustee documents produced to the SEC in or with regard to the *In re Sentinel Management Group, Inc.* investigation. The blanket statement regarding documents relating to customers other than Sentinel is so general as to preclude the Trustee from having any real understanding of FTN's basis for withholding documents. Defendants' refusal to describe the documents it is withholding with particularity demonstrates that their objection is without merit. In any event, documents relating to other PreTSL customers are relevant to place the transactions with Sentinel in context and to evaluate the liquidity and characteristics of other PreTSL purchasers and of the secondary PreTSL market. This case involves both suitability issues and misrepresentations regarding PreTLs, and therefore, by way of example, documents relating to which other customers were purchasing and selling PreTSLs and the prices and frequency with which they were doing so are relevant and should be produced to the Trustee.

In addition, the fourth category of withheld documents identified – personnel files of Folan, de St. Phalle, Jankowski, and other relevant FTN employees that were produced to the SEC – should be produced to the Trustee regardless of whether the information in those files relates to Sentinel or PreTSLs.

To the extent there are documents from FTN's production to the SEC that are neither relevant nor likely to lead to the discovery of admissible evidence (which is doubtful), there is no prejudice to FTN in simply producing them instead of lodging baseless and unsupported objections and wasting three months.[2]

### Defendants' Ongoing Production to the SEC Does Not Excuse Defendants' Failure to Make Timely Productions to the Trustee.

Defendants have refused to even <u>begin</u> their search for and production of electronic documents responsive to the Trustee's 60 other pending Requests until FTN completes its rolling production to the SEC. Nor will defendants provide the Trustee with a date on which they intend to complete their production to the SEC. In their written responses to those other Requests, defendants have in large part merely referred to their incomplete production of SEC documents. In response to the Trustee's Interrogatories, defendants have referred generally to their incomplete document productions instead of providing substantive answers. Thus, at the same time defendants are unilaterally limiting their SEC production, they also are using the SEC production as an excuse to forestall searching for and producing the myriad documents that are otherwise responsive to the Trustee's Requests and responding to the Trustee's Interrogatories. This stall tactic is even more egregious given that defendants were subpoenaed by the SEC and deposed by the SEC based on the documents they produced in response to the subpoenas over a year ago. There is no reason why defendants' SEC productions should not have been completed long ago and why it should be holding up the rest of their productions and preventing them from providing substantive answers to Interrogatories.

---

[2] Indeed, de St. Phalle, who is also a defendant in the Trustee's lawsuit against KBW, has agreed in the KBW case to produce all documents from a certain date range that he produced to the SEC and has not made the same objections on relevance ground he has lodged in the FTN case. The fact that he is taking inconsistent positions in the KBW and FTN cases demonstrates that defendants' objections here are meritless.

**The Court Should Set a Trial Date in Order to Incentivize
the Parties to Proceed Expeditiously with Discovery.**

Until defendants begin producing documents responsive to the Trustee's other Requests, the Trustee has no way to assess whether there are other issues with FTN's discovery responses that should be addressed at this stage. Similarly, FTN's discovery deficiencies have prevented the Trustee from being able to commence depositions and prepare this case for trial.

Accordingly, in order to keep this case on track for trial, the Court should set a trial date at this time. Given that the Court has indicated that this case is going to trial and that there are "triable issues on virtually everything in this case" (Ex. C at 11), setting a trial date now would assist the parties in completing discovery and preparing the case for trial. The Trustee respectfully moves the Court to set a trial date for the summer of 2011.

**Conclusion**

This Court should enter an order compelling defendants to produce to the Trustee all of the documents they have produced to the SEC and to proceed to expeditiously produce documents responsive to the Trustee's other Requests by a date certain. The Court should also set a trial date in this case.

Dated: October 6, 2010 　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　FREDERICK J. GREDE, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust

　　　　　　　　　　　　　　　　　　　　　　　　By: /s/ *Gregory M. Boyle*
　　　　　　　　　　　　　　　　　　　　　　　　　　　One of his attorneys

J. Kevin McCall (ARDC # 03125685)
Chris C. Gair (ARDC # 6190781)
Gregory M. Boyle (ARDC #6242559)
Suzanne J. Prysak (ARCD #6243688)
Jeffrey S. Eberhard (ARDC # 6276471)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL  60654
Phone: (312) 222-9350
Facsimile: (312) 527-0484

*Counsel for the Liquidation Trustee*