# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FREDERICK J. GREDE, as Liquidation Trustee of the Sentinel Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN M. FOLAN, JACQUES DE SAINT PHALLE, FTN FINANCIAL SECURITIES CORP., and FIRST TENNESSEE BANK N.A.,<br><br>Defendants. | Case No. 08CV6587<br><br>Judge James B. Zagel |

## DEFENDANTS' FOURTH SET OF REQUESTS TO PLAINTIFF FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants request that Plaintiff, Frederick J. Grede, as Liquidation Trustee for the Sentinel Liquidation Trust, produce for inspection and copying, or cause to be copied, the documents described below. Plaintiff shall make such production within thirty (30) days after service of these requests, at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Ave., N.W., Washington, D.C. 20006, or at a time and place agreed to by the parties.

## DEFINITIONS

1. The definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure shall apply to the requests herein and are incorporated as if fully set forth herein.

2. "Trustee," "you," or "your" refers to Frederick J. Grede individually and in any of his current or former capacities as Liquidation Trustee for the Sentinel Liquidation Trust, Liquidation Trustee of Sentinel Management Group, Inc., Estate Representative of Sentinel Management Group, Inc., or Chapter 11 Trustee for Sentinel Management Group, Inc., and his agents, representatives, investigators, consultants and attorneys, and anyone acting on his behalf who was involved with, participated in, or investigated any of the events and transactions at issue in The Estate Action or the Customer Action (as defined below).

3. "Sentinel" refers to Sentinel Management Group, Inc. and its parents, subsidiaries, affiliates, predecessors and successors, including, but not limited to, Sentinel Investment Group and Sentinel Asset Management, as well as their current or former officers, directors, employees and any other persons or entities acting on their behalf.

4. "FTN" refers to FTN Financial Securities Corp., which is a corporation organized under the laws of the State of Tennessee, with its principal place of business in Memphis, Tennessee and other offices throughout the country. FTN is one of the defendants in this lawsuit.

5. "First Tennessee" refers to First Tennessee Bank National Association, which is a banking institution chartered by the Office of the Comptroller of the Currency, with its principal place of business in Memphis, Tennessee. First Tennessee is one of the defendants in this lawsuit.

6. "Folan" refers to Stephen M. Folan, who is employed as a broker and sales representative by FTN in its Chicago, Illinois office. Folan is one of the defendants in this lawsuit.

7. "Sentinel Personnel" refers to Philip M. Bloom, Eric A. Bloom, Charles Mosley, Theresa Arana, J. Matthew Keel and any other person who owned, directed, or worked for Sentinel, whether as an employee, officer, director or independent contractor, at any time during the period January 1, 2000 to October 19, 2007.

8. "Eric Bloom" refers to Eric A. Bloom and his agents, representatives, investigators, consultants, attorneys, brokers and assigns, and all other persons or entities acting or purporting to act on his behalf, whether authorized to do so or not.

9. "Philip Bloom," refers to Philip M. Bloom and his agents, representatives, investigators, consultants, attorneys, brokers and assigns, and all other persons or entities acting on his behalf, whether authorized to do so or not.

10. "De St. Phalle" refers to Jacques de Saint Phalle who was employed as a managing director in the Structured Finance Group of FTN in its New York, New York office between February 2006 and July 2007. De St. Phalle is a defendant in this lawsuit.

11. "Arana" refers to Theresa C. Arana and her agents, representatives, investigators, consultants, attorneys, brokers and assigns, and all other persons or entities acting or purporting to act on her behalf, whether authorized to do so or not.

12. "Keel" refers to J. Matthew Keel and his agents, representatives, investigators, consultants, attorneys, brokers and assigns, and all other persons or entities acting or purporting to act on his behalf, whether authorized to do so or not.

13. "Defendants" refers to FTN, First Tennessee, Folan, and de St. Phalle.

14. "Mosley" refers to Charles K. Mosley and his agents, representatives, investigators, consultants, attorneys, brokers and assigns, and all other persons or entities acting or purporting to act on his behalf, whether authorized to do so or not.

15. "BONY" refers to The Bank of New York and The Bank of New York Mellon Corp., as well as its partners, employees, and representatives at the present time and, where applicable, during the time period relevant to The Estate Action or the Customer Action.

16. The "Blooms" refers to Eric Bloom and Philip Bloom.

17. "PreTSL" is the acronym for Preferred Term Securities Limited.

18. "Security" means any bond, stock, or other financial instrument.

19. "Sentinel House Account" or "House Account" includes all portfolios or segments of portfolios owned or controlled by Sentinel that either (a) Sentinel Personnel referred to as Sentinel's "house" or "street" account or (b) that contained securities, funds or other assets that Sentinel allocated or designated as being owned or held for the benefit of any Sentinel Personnel, any person or entity owned or controlled by any Sentinel Personnel, or any other person or entity that was not a Sentinel customer.

20. "First Amended Complaint" means the First Amended Complaint that was filed on or about October 27, 2010, by the Plaintiff in the case of Frederick J. Grede, as Liquidation Trustee of the Sentinel Liquidation Trust v. Stephen M. Folan et al., Case No. 08 CV 6587, that is pending in the United States District Court for the Northern District of Illinois, Eastern Division.

21. The "Estate Action" means the case of Frederick J. Grede, as Liquidation Trustee of the Sentinel Liquidation Trust v. Stephen M. Folan et al., Case No. 08 CV 6587, that is pending in the United States District Court for the Northern District of Illinois, Eastern Division.

22. The "Customer Action" means the case of Frederick J. Grede, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust, Assignee of certain claims v. FTN Financial Securities Corporation et al., Case No. 09 CV 2258, that is pending in the United States District Court for the Northern District of Illinois, Eastern Division

23. "Sentinel customer" means any person or entity who ever invested funds or assets with Sentinel and any assignee of or successor to any such person or entity other than you.

24. "Bloom Complaint" means the Complaint that was filed on or about October 11, 2007, in the case of Frederick J. Grede, as Chapter 11 Trustee for Sentinel Management Group, Inc. v. Philip M. Bloom et al., Adv. No. 07-00981, in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

25. "Voluntary Dismissal" means the Notice of Voluntary Dismissal without Prejudice filed by you on May 4, 2009 in *Grede v. Mosley*, Adv. No. 07-00981.

26. "SEC" refers to the United States Securities and Exchange Commission, as well as any directors, officers, employees, agents, or authorized representatives of the SEC.

27. "Person" refers to natural persons as well as to all other entities, including, but not limited to, corporations, limited liability companies, associations, partnerships, limited partnerships, limited liability partnerships, firms, organizations, and governmental agencies or bodies.

28. "Entertainment" refers to meals, beverages, lodging, transportation, tickets to concerts or sporting events, charges for social outings (including but not limited to strip clubs, gentlemen's clubs, exotic dance clubs, topless bars or other adult entertainment) and other benefits and things of value, including gifts.

29. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 34(a), including, but not limited to, electronic or computerized data compilations, electronic chats, email communications from personal email accounts, other electronically stored information from personal computers, voice recordings, transcripts of voice recordings, and hard copy documents maintained in central or personal files.

30. "Concerning" means relating, constituting, containing, embodying, identifying, dealing with, reflecting, mentioning, defining, explaining, discussing, commenting upon, monitoring, supporting, evidencing, modifying, contradicting, quoting, criticizing, describing, creating or maintaining, bearing upon, referring to, having any relationship to, constituting a basis for, deriving from or arising from, or in any manner whatsoever pertinent to that subject.

31. "Communicate" or "communication" refers to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) regardless of form (e.g., email, letter, memo, telephone conversation) including, but not limited to, all correspondence and audio recordings.

32. All phrases following the terms "including" and "including, but not limited to" are intended to illustrate the kind of information responsive to each request herein. Such examples are not intended to be exhaustive of the information sought and shall not in any way be read to limit the scope of the requests.

33. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each of the requests herein all documents that might otherwise be construed outside of its scope.

34. The term "any" includes "all" and "each," and the term "all" includes "any," and the term "each" includes "every."

35. To the extent these Requests employ terms used in the Complaint, such use is without prejudice to the rights of FTN, First Tennessee, Folan and de St. Phalle.

## INSTRUCTIONS

1. If you withhold any document or information responsive to any of the following Requests based on a claim of attorney-client privilege, work-product protection, or any other privilege: (1) identify the date, the author, and all recipients of the document or information; (2) describe the form of the document or communication (such as a memorandum, letter, voice recording, email, etc.); (3) describe generally the content of the document or the information withheld; (4) state the privilege or other protection upon which you rely and the grounds for the assertion of such privilege; and (5) identify all persons who have or have had access to the document or information being withheld.

2. Unless expressly indicated otherwise, the documents covered by these Requests include all documents dated, created, or that came into existence on or after January 1, 2000.

3. These Requests are continuing in nature, and you are required promptly to make further or supplemental production of responsive documents created, discovered or acquired between the date of initial production and any time thereafter, including the time of trial, in

accordance with Federal Rule of Civil Procedure 26(e).

4.  These Requests require you to produce documents within your possession, custody, control, or within the possession, custody, or control of Sentinel, the Sentinel Estate, the Sentinel Liquidation Trust, or any Sentinel customer who has assigned any claim to you.

5.  If objection is made to any of these Requests, your response shall state whether any documents are being withheld from inspection and production on the basis of such objection, or whether inspection and production of all responsive documents will occur notwithstanding such objection.

## REQUESTS

1.  All documents that you have been requested to identify in the interrogatories that have been propounded to you in either the Estate Action or the Customer Action, including but not limited to Defendant FTN's First, Second, and Third Sets of Interrogatories in the Estate Action, First Tennessee's First Set of Interrogatories in the Estate Action, Folan's First Set of Interrogatories in the Estate Action, and FTN's First Set of Interrogatories in the Customer Action.

2.  All documents constituting, reflecting, or concerning communications, including but not limited to interviews and meetings, between, on the one hand, you or any of your lawyers, representatives or agents and, on the other hand, any current or former employee, officer, director, agent or consultant of Sentinel Management Group, Inc. (including but not limited to Philip M. Bloom, Eric A. Bloom, Charles K. Mosley, J. Matthew Keel, Teresa C. Arana, Steven L. Stitle, Jeffrey J. Logan, Cynthia Madrigal,

Crystal M. York, Chaya Schmoolker, Jennifer Vance, Mark Seplowin, and Regina Koehler) or anyone representing or acting as a lawyer, representative or agent for any such person or for Sentinel.

3. All documents constituting, reflecting, or concerning communications, including but not limited to interviews and meetings, between, on the one hand, you or any of your lawyers, representatives or agents, and, on the other hand, any current or former employee, officer, director, agent, counsel, or representative of any of the following: The Bank of New York; The Bank of New York Mellon Corp.; Xenon Partners, LP; Dynamic Allocation CTA Fund LLC; Keefe, Bruyette, & Woods Inc.; Cohen & Company Securities, LLC; Delores E. Rodriguez; Barry C. Mohr, Jr.; McGladrey & Pullen, LLP; Altschuler, Melvoin & Glasser, LLP; and Victor Johnson.

4. All documents constituting, reflecting, or concerning communications, including but not limited to interviews and meetings, between, on the one hand, you or any of your lawyers, representatives or agents, and, on the other hand, any Sentinel customer or creditor or any current or former employee, officer, director, agent, counsel, or representative of any Sentinel customer or creditor. (For the sake of emphasis, you are instructed to take note of the fact that this request, like all others in this set of Requests, applies to both documents in your possession, custody or control and documents in the possession, custody or control of any of the Sentinel customers who assigned claims to you.)

5. All documents that you (or any of your lawyers, representatives or agents) have received from, shared with, or provided to any prospective testifying expert you have retained in

connection with the Estate Action, the Customer Action, or any other claim or litigation you have pursued or are pursuing against any of the persons or entities referenced in Request No. 2 or Request No. 3 above.

6. All documents that you intend to use, present, or introduce at trial, either in the Estate Action or the Customer Action.

7. All documents concerning the management, disposal or liquidation of Sentinel's various portfolios of securities at any time since your appointment as Chapter 11 Trustee for Sentinel Management Group, Inc., including but not limited to all documents concerning efforts to trade or liquidate securities by you or any of your representatives or agents.

8. All documents concerning the maintenance, discontinuation, and/or dismantling of Sentinel's information technology systems, including but not limited to the Groupwise email system and telephone recording systems, at any time after your appointment as Chapter 11 Trustee for Sentinel Management Group, Inc.

9. All documents that reflect any fact, information, or insights that you or any of your employees, agents, lawyers, or representatives derived, discovered, developed, or learned, in whole or in part, by reviewing, accessing or observing Sentinel's GroupWise email system before it was dismantled or rendered non-operational, including without limitation any fact, information or insights concerning (a) Sentinel Personnel's utilization of shared folders or automated forwarding rules or (b) the extent to which Sentinel Personnel other than Charles Mosley had access to Mr. Mosley's inbound, outbound or stored emails and other electronic communications.

10. All documents concerning the assignment of claims to you by Sentinel customers or creditors.

11. For the period 2003 through 2007, all documents concerning Sentinel and/or any Sentinel Personnel that (a) you have received from any Sentinel customer or creditor or any current or former employee, representative or agent of any Sentinel customer or creditor; or (b) are within the custody, possession or control of any Sentinel customer who has assigned any claim to you. (For the sake of emphasis, you are instructed to take note of the fact that this request, like all others in this set of Requests, applies to both documents in your possession, custody or control and documents in the possession, custody or control of any of the Sentinel customers who assigned claims to you.)

12. For the period 2003 through 2007, all documents concerning third-party cash management services that (a) you have received from any Sentinel customer or creditor or any current or former employee, representative or agent of any Sentinel customer or creditor; or (b) are within the custody, possession or control of any Sentinel customer who has assigned any claim to you. (For the sake of emphasis, you are instructed to take note of the fact that this request, like all others in this set of Requests, applies to both documents in your possession, custody or control and documents in the possession, custody or control of any of the Sentinel customers who assigned claims to you.)

13. All documents concerning the settlement, compromise, resolution or termination of your claims against McGladrey & Pullen, including but not limited to all documents concerning or reflecting communications to or from any lawyer or other person representing McGladrey & Pullen concerning this subject.

14. All documents concerning or reflecting consideration, discussion or effectuation of any actual, possible, or potential settlement, compromise, resolution or termination of any claim or threatened or potential claim by you or any Sentinel customer or creditor against any of the persons or entities referenced in Request No. 2 or Request No. 3 above.

15. All documents, including but not limited to all documents constituting notes or memoranda created by you or any of your employees, agents, lawyers or representatives, that either (a) concern interviews or other communications that you or any of your employees, agents, lawyers or representatives have had with Philip Bloom, Eric Bloom, Charles Mosley, Teresa Arana or Matthew Keel or any of their representatives or lawyers (collectively, the "Sentinel Fifth Amendment Witnesses"); or (b) concern any fact, information or insights that you or any of your employees, agents, lawyers or representatives derived, discovered, developed or learned, in whole or in part, through the use of or with the assistance of, any fact, information, statement, document, or other matter that any of the Sentinel Fifth Amendment Witnesses conveyed or provided during any such interview or communication.

16. Documents sufficient to show, for each business day from January 1, 2003 through August 30, 2007, the principal balance on each loan by Bank of New York to Sentinel; any purported allocation or attribution by Sentinel of such balance amount(s) between, among or within particular Sentinel investment portfolios; and the identity of all assets purportedly pledged as collateral for such borrowing.

17. Documents sufficient to show, for each business day from January 1, 2003 through August 30, 2007, the assets that Sentinel purported to hold in its House Account and any

purported allocation by Sentinel of such assets between, among or within any sub-accounts, sub-groups or other sub-units within its House Account.

18. Documents sufficient to show, for each business day from January 1, 2003 through August 30, 2007, the assets that Sentinel purported to hold in each of its portfolios purportedly managed for the benefit of Sentinel customers and any purported allocation by Sentinel of such assets between, among or within any sub-accounts, sub-groups or other sub-units within each such portfolio.

19. Documents sufficient to show, for each business day from January 1, 2003 through August 30, 2007, the nature, source, recipient, and value of each and every payment of money or transfers of assets into or out of the Sentinel House Account, as well as the purported allocation by Sentinel of such assets between, among or within any sub-accounts, sub-groups or other sub-units within the House Account.

20. Documents sufficient to show for each business day from January 1, 2003 through August 30, 2007, the nature, source, recipient, and value of each and every payment of money or transfers of assets into or out of each portfolio that Sentinel purportedly managed for the benefit of Sentinel customers, as well as the purported allocation by Sentinel of each such payment or transfer between, among or within any sub-accounts, sub-groups or other sub-units within each such portfolio.

21. Documents sufficient to show, for each business day from January 1, 2003 through August 30, 2007, the identity of each person or entity whom Sentinel treated as owning or holding an interest in the Sentinel House account and the purported value of each such

person or entity's interest or holdings in such account and in any sub-account, sub-group or other sub-unit within such account.

22. All account statements or similar documents concerning the House Account that were created for or provided to any person or entity whom Sentinel considered or treated as owning or holding an interest in the Sentinel House account.

23. All documents constituting, reflecting or concerning information or material, including but not limited to any and all parts or portions of Sentinel's Form ADV, any account statements, and any account opening documents, that Sentinel or any Sentinel Personnel provided, sent, transmitted or distributed to any of its customers. (For the sake of emphasis, you are instructed to take note of the fact that this request, like all others in this set of Requests, applies to both documents in your possession, custody or control and documents in the possession, custody or control of any of the Sentinel customers who assigned claims to you.)

Dated: 01/5/11

Howard M. Shapiro
Patrick Carome
John A. Valentine
WILMER CUTLER PICKERING HALE
 AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

- 14 -

Brian D. Sieve, P.C. (ARDC #6199741)
Michael B. Slade (ARDC #6274231)
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

Mark D. Griffin
Lori H. Patterson
Kristine L. Roberts
BAKER, DONELSON, BEARMAN, CALDWELL
  & BERKOWITZ, PC
First Tennessee Building
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
Facsimile: (901) 577-0870

***Attorneys for Defendants Stephen M. Folan, Jacques de St. Phalle, FTN Financial Securities Corp., and First Tennessee Bank National Association***

## CERTIFICATE OF SERVICE

    The undersigned certifies that he caused to be served **Defendants Fourth Set of Requests for Production of Documents and Electronically Stored Information** upon counsel for the Trustee, at the address set forth below by First-Class Mail and Electronic Mail on this 5th day of January 2011.

Chris C. Gair
Jenner & Block LLP
330 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 923-8339
Fax: (312) 923-8439
CGair@jenner.com

_____
Patrick J. Carome