**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **FREDERICK J. GREDE**, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust, Assignee of certain claims, <br><br> Plaintiff, <br> v. <br><br> **FTN FINANCIAL SECURITIES CORPORATION, JACQUES DE SAINT PHALLE,** and **FIRST TENNESSEE BANK N.A.,** <br><br> Defendants. | Case No. 09 CV 2258 <br><br> Honorable James B. Zagel |
| **FREDERICK J. GREDE**, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust, <br><br> Plaintiff, <br> v. <br><br> **STEPHEN M. FOLAN, JACQUES DE SAINT PHALLE, FTN FINANCIAL SECURITIES CORP.,** and **FIRST TENNESSEE BANK N.A.,** <br><br> Defendants. | Case No. 08 CV 6587 <br><br> Honorable James B. Zagel |

**TRUSTEE'S OPPOSITION TO DEFENDANTS' MOTION TO
COMPEL THE TRUSTEE TO PRODUCE DOCUMENTS RELATING TO HIS
MANAGEMENT, HANDLING AND DISPOSAL OF SENTINEL'S PORTFOLIO**

Defendants' Motion is largely moot because, as Defendants know, the Trustee has either produced or agreed to produce the vast majority of the documents requested. As a result, the sense of urgency Defendants seek to create does not exist, and most of the Motion is irrelevant to any issue properly before the Court.[1] Defendants seek liquidation documents from three sources:

---

[1] For example, nearly all 13 pages of Defendants' Motion sets forth arguments on the merits that are both irrelevant to the Motion and incorrect. Contrary to Defendants' suggestion, the

(1) Macquarie, who the Trustee retained to assist him in liquidating Sentinel's portfolio; (2) the files of the Trustee, his "staff, agents, consultants, and advisors;" and (3) Jenner & Block's files. The third category is the only one over which there is any dispute.

With respect to the first category, the Trustee has already produced hundreds of documents from Macquarie's files that show the process for and results of the Trustee's liquidation of the PreTSLs at issue in this case. On April 15, 2011, Defendants informed the Trustee that they also seek documents relating to the liquidation of all CDOs in Sentinel's portfolio and on April 28, 2011 Defendants advised the Trustee that they now seek documents relating to the liquidation of <u>all</u> securities in Sentinel's portfolio. This request encompasses hundreds of thousands of documents. Although the Trustee disagrees about the relevance of those documents and the need to undertake the burden of producing them, the Trustee has agreed to produce all non-privileged documents from Macquarie's files relating to the liquidation of Sentinel's portfolio. The Trustee has repeatedly informed Defendants that he will undertake this production, most recently on May 3, 2011, the day before Defendants filed the Motion. (Mot. Exhibit H (May 2, 2011 email from A. Ray to P. Carome).) Accordingly, there is nothing to compel.

---

timing of the Trustee's attempts to liquidate PreTSLs has nothing to do with their suitability for Sentinel at the time they were sold by FTN. Moreover, the existence of the 6-month notice period under the Illinois Blue Sky law does not justify a broad intrusion into materials covered by the attorney-client privilege. Defendants' case – *Ansbro v. Southeast Energy Group, Ltd.*, 658 F. Supp. 566 (N.D. Ill. 1987) (Norgle, J.) – does not hold that a plaintiff waives the privilege by filing an action seeking rescission under the Illinois Blue Sky law. Indeed, pleading a cause of action under the Illinois Blue Sky Act does not waive the attorney-client privilege. *See, e.g.*, *Beneficial Franchise Co., Inc. v. Bank One, N.A.*, 205 F.R.D. 212, 216-17 (N.D. Ill. 2001) ("[W]e do not believe that merely asserting a defense or a claim is sufficient, without more, to waive the privilege.").

With respect to the second category of documents, the Trustee has already informed Defendants that he did not have a "staff" and that Macquarie were his only consultants and advisors who assisted with the liquidation of the portfolio. To the extent there are responsive documents from the Trustee's files, the Trustee has searched for and produced them to Defendants, and the Trustee has agreed to produce any additional responsive, non-privileged documents from the Trustee's files that are found. (*Id*.)

This leaves only the third category – documents from Jenner & Block's files – in dispute. The Trustee should not be required to search Jenner & Block's files for responsive documents. First, Jenner & Block was not involved in the liquidation of the portfolio. The liquidation was handled by the Trustee and Macquarie. Thus, there are unlikely to be responsive documents which would justify the extraordinary measure of searching trial counsel's files for documents. Second, in addition to assisting the Trustee with the liquidation of the portfolio, Macquarie also provided litigation support, particularly with respect to the Bank of New York case. There likely are communications between Jenner & Block and Macquarie regarding that work. The Trustee should not be required to sift through those communications, which Defendants do not seek and are not discoverable, on the off chance that there is a document relating to the liquidation. Third, even if there were such documents, Defendants will already be receiving them from Macquarie's files, and thus there is no reason to require a search of Jenner & Block's files for duplicative documents.

Defendants' contention that they will suffer prejudice if the Trustee does not produce the extremely broad universe of documents they seek within one week is unfounded. Defendants already have the key documents they need relating to the liquidation of PreTSLs. The bulk of the documents that remain to be produced relate to the Trustee's liquidation of the rest of

Sentinel's portfolio – mainly comprising agencies and corporate securities that are not at issue here. In any event, Defendants will have all of these documents as soon as is practicable. Defendants' claim of prejudice also rings hollow given that they did not even serve a document request seeking any liquidation documents until 6 months after discovery was opened. Moreover, Defendants have not sought the information they claim to need through less intrusive means, such as by deposing the Trustee. Defendants have had and will continue to have ample time to complete the discovery they need before trial in August.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Compel The Trustee to Produce Documents in Relating to His Management, Handling and Disposal of Sentinel's Portfolios should be denied in full.

Dated: May 5, 2011                  Respectfully submitted,

                                             /s/ Jeffrey S. Eberhard
FREDERICK J. GREDE, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust, and Assignee of certain claims

J. Kevin McCall (ARDC # 03125685)
Chris C. Gair (ARDC # 6190781)
Gregory M. Boyle (ARDC #6242559)
Jeffrey S. Eberhard (ARDC # 6276471)
Anne P. Ray (ARDC #6291910)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL  60654
Phone: (312) 222-9350
Facsimile: (312) 527-0484

*Counsel for the Liquidation Trustee*