# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6587 | **DATE** | May 17, 2011 |
| **CASE TITLE** | | GREDE v. FOLAN | |

**DOCKET ENTRY TEXT:**

Defendants' motion to compel production of documents responsive to Defendants' January 5, 2011 requests [238] is GRANTED for the documents provided to James Feltman with respect to the *Bank of New York* matter. The claim of common interest privilege with respect to documents is DENIED, WITHOUT PREJUDICE. Defendants are allowed limited discovery on the time the common interest privilege arose. Defendants are GRANTED access to a properly redacted version of the interview of T.C. Arana, subject to use limitations. The request to produce materials reflective of the views of the Trustee's lawyers is DENIED.

# STATEMENT

The motion to compel production of documents responsive to the January 5, 2011 requests is denied except for the request for documents provided to James Feltman with respect to the *Bank of New York* matter. The rest of it is characterized by the Trustee as a "fishing expedition" - a phrase used by some courts to describe over-the-top discovery practices. Of course, all discovery is a fishing expedition and the phrase is not as widely used as it once was. The true meaning is that disapproved fishing expeditions are those which impose costs of time, money, and loss of privacy (if not privilege) without any reasonable chance of landing a fish that can be legally kept.

What fish are sought here are not all keepers. Whatever a Jenner & Block ("Jenner") lawyer said to someone about the merits of Sentinel's claim is not admissible to prove the validity of the claim. Jenner is not an outside expert and could not legally act as one. Nor is any Jenner lawyer a contemporaneous witness to the events at issue. If some Jenner lawyer said any claim is weak or worthless, the finder of fact would not be permitted to hear that statement. Nor would the finder hear the prior statement of T.C. Arana, a witness who claims the Fifth Amendment privilege. Arana cannot be cross-examined and her statements cannot be deemed an admission of Sentinel.

Moreover, what is requested is protected, in whole or in large part, by work product privilege, a protection that all sides to this dispute have or would invoke. There are good arguments against the work product privilege, and someday lawyers may have to be careful to divide their note-taking into two sections, one setting forth only the words uttered by the interviewed person and the other setting forth tentative conclusions, possible lines of inquiry, and attorney opinions and comments. But that is not the rule today, and lawyers are entitled to rely on the privilege. The law gives us power to void the privilege but the case for that is not made here.

It is true that the Trustee seeks to protect communications made prior to the assignment of customer claims. But I am persuaded that the common legal interest doctrine extends work product rules to cases in

**STATEMENT**

which parties' interests are shared, common, and legally identical.  There is a claim that the Trustee and the assigning claims customers have not coordinated from the start.  The Trustee does say that he and Sentinel's creditors have "been coordinating litigation efforts on all of the various Sentinel matters since" his trusteeship began.  Defendants argue correctly that this assertion is "conclusory and unsubstantiated."

I would allow some discovery about the level of coordination at the early stages but I limit its time frame.  The dynamics of the Sentinel litigation suggest that complete coordination of the prosecution of the particular identical claims here is the most efficient alternative.  There are reasons that this efficiency might be sacrificed, i.e. the customers don't approve of the Trustee's strategy or plans of allocation or don't like the Trustee or his law firm or simply want to be captain of their own ship.  At some point, I believe quite early in the litigation, the decision was made to coordinate the claims.  Indeed, their formal coordination was impeded only by my early (and reversed) decision that the Trustee could not pursue customer claims.

I do permit limited discovery with respect to the time the decision to coordinate was made and expressed in words and/or conduct.  Once that expedited discovery is complete I can determine the onset of the common interest privilege and resolve the rest of the objections to the proper manner of asserting the privilege.

I do find that Defendants are entitled to a redacted version of the Arana interview.  Opinions and observations of counsel contained in the notes of the Arana interview may be redacted.  Defendants seek to use the Arana interview notes to assist them in framing questions to other witnesses and in formulating their own defense.  The notes are signposts or clues but may not be used as evidence by any party - a point I deem conceded.