**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FREDERICK J. GREDE, as Liquidation Trustee of the Sentinel Liquidation Trust, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 08CV6587 |
| STEPHEN M. FOLAN, JACQUES DE SAINT PHALLE, FTN FINANCIAL SECURITIES CORP., and FIRST TENNESSEE BANK, N.A. | ) ) ) ) ) | Judge James B. Zagel |
| Defendants. | ) ) | |

**DEFENDANTS' REPLY MEMORANDUM IN**
**OPPOSITION OF MOTION TO QUASH SUBPOENA FOR DEPOSITION**
**OF BARRY C. MOHR, JR.**

Defendants, through and by their undersigned attorneys, hereby oppose the May 17, 2011

motion filed by Barry C. Mohr, Jr. to quash the May 11, 2011 subpoena for a deposition served

upon him by the defendants. The defendants respectfully request enforcement of the subpoena

and for Mr. Mohr to appear on May 26, 2011 in New York, New York, for the deposition as had

initially been agreed to by the parties until counsel for Mr. Mohr, in an apparent change of heart,

informed defendants that he would seek to quash the subpoena.

## BACKGROUND

On April 22, 2011, counsel for defendants contacted counsel for Mr. Mohr to discuss the

scheduling of a deposition. At that time, counsel for Mr. Mohr requested, in lieu of a deposition,

that the defendants interview Mr. Mohr. The only articulated reason for the request, to proceed

by way of interview rather than a deposition, was the concern that Mr. Mohr would be subject to

cross-examination by the same attorneys who have brought suit against him in another Sentinel

- 1 -

Trustee-initiated litigation and the possibility that Mr. Mohr might contradict his prior testimony given to the SEC in an investigation of Sentinel and to the Trustee in the lawsuit filed against him. Counsel for defendants conveyed to Mr. Mohr, through his attorney, on April 22, 2011 and again on May 9, 2011, that the purpose of this deposition request was to obtain relevant trial testimony (1) not only as to how a broker-dealer similarly situated to FTN was also misinformed by Sentinel and relied on those misrepresentations; but also (2) that Mr. Mohr told Mr. Mosley about information obtained at Keefe, Bruyette & Woods "KBW," including information regarding an effort to get Mr. Mosley fired, that resulted in the cessation of PreTSL purchases from KBW by the fall of 2006.

Pursuant to a follow-up call with Mr. Mohr's counsel on May 11, 2011, a tentative date for the deposition was settled upon until defendants were then informed by Mr. Mohr's counsel that Mr. Mohr intended to file a motion to quash. On May 17, 2011, in an effort to resolve this matter, counsel for defendants again contacted Mr. Mohr's counsel. Despite the full explanation provided by counsel for the defendants as to why the testimony of Mr. Mohr would be relevant and not at all duplicative of what others could testify to, Mr. Mohr persists in claiming that the requested deposition testimony is not necessary and has moved to quash. For the following reasons, the motion should be denied and the subpoena enforced.

## DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). For discovery purposes, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "A party seeking to quash … a subpoena has the burden of

showing that the subpoena should be quashed. *Cohn v. Taco Bell Corp.*, No. 92 C 5852, 1993 WL 451463, at *2 (N.D. Ill. November 1, 1993), *aff'd*, No. 92 C 5852, 1994 WL 383975 (N.D. Ill. July 20, 1994). Federal Rule of Civil Procedure 45(c)(3) sets forth the circumstances under which a subpoena may be quashed; none of the reasons provided by Mr. Mohr in his motion falls within the purview of this rule.

Defendants seek the testimony of Mr. Mohr as a third party in this case who was also misinformed by Sentinel with regard to the scope of its portfolio offerings and therefore the suitability of its purchase of high-yield structured financial products such as PreTSLs.[1]  This information is clearly relevant and directly bears upon an issue in this case by corroborating the defendants' position that Sentinel made such misrepresentations and those misrepresentations were reasonably relied upon by FTN.  Of course, Mr. Mohr cannot testify to the representations that Sentinel made specifically to FTN, but, in testifying as to the representations that Sentinel made to KBW, and/or Cohen, and those firms' actions in light of those representations, such testimony is relevant and important discovery.  Mr. Mohr is disingenuous in the assertion that what he knew or should have known regarding Sentinel's activities and representations has no relevance to what FTN knew or should have known.  Indeed, even in the motion, there seems to be a recognition that such information is, at the least, of some relevance, and therefore, Mr. Mohr retreats to the position that such testimony is "no more relevant than that of countless others."

---

[1]     It is our understanding, for example, that Mr. Mohr was present at a meeting in late 2006 or early 2007 during which Mr. Mosley was specifically questioned about Sentinel's various portfolios and their objectives. Apparently, Mr. Mosley indicated that Sentinel had a fourth account that, as described, left Mr. Mohr and others feeling comfortable that Sentinel was capable of purchasing CDOs and other high-yield securities for that account. Defendants, as a matter of discovery, should be entitled to question Mr. Mohr to ascertain what it was about Mr. Mosley's representations that made him feel comfortable, in light of similar conversations that took place between Mr. Mosley and individuals at FTN.

Moreover, what Mr. Mohr fails wholly to address in his motion—despite the fact that it was discussed extensively with his counsel — is that the reason why Mr. Mohr's testimony is not repetitive of "countless others" is that the defendants seek his deposition not only to obtain testimony regarding suitability but also to probe his recollection of events at KBW in late 2005 and early 2006, as he relayed them to Mr. Mosley in a series of recorded phone conversations in May 2006.  In those conversations, Mr. Mohr informed Mr. Mosley that after Jacques De St. Phalle left KBW to join FTN, individuals at KBW grew concerned that Sentinel's business would follow Mr. De St. Phalle and, in an effort to address that concern, discussed a somewhat involved plan to get Mr. Mosley fired.  After being informed by Mr. Mohr of these intentions, Mr. Mosley reacted by stating in various conversations that it made him want to cease doing business with KBW.  Similarly, in a recorded conversation involving Mr. Mohr, there was discussion with Mr. Mosley about a difficult sale to Sentinel by KBW of certain securities in Odyssey Re Holdings that apparently caused tension in the KBW and Sentinel relationship. Defendants seek to take Mr. Mohr's testimony regarding these conversations, and any other information that he can recall, regarding the nature of the relationship between individuals at KBW and Sentinel in 2006 that may inform, and is relevant to, Sentinel's decline in PreTSL purchases from KBW despite a continuing interest in the product and a consequent need to turn to another source for such purchases.  Testimony that pertains to, and may account for Mr. Mosley's conduct in the relevant time period is particularly relevant because he himself is unavailable to testify at trial in light of his assertion of a Fifth Amendment privilege against self-incrimination.

While Mr. Mohr did briefly testify on this topic in his deposition in the KBW/Cohen Securities lawsuit, the parties in that action had a different interest, if any at all, in inquiring into

this topic.  As a result, that deposition transcript is insufficient for the defendants' purposes in completing discovery and preparing their defense.  Requiring the defendants to rely on a transcript in which Mr. Mohr was deposed by the Trustee, whose interests are entirely adverse to the defendants, improperly denies them the opportunity "to probe the veracity and contours of the statements and denies the opportunity to ask probative follow-up questions."  *Flanagan v. Wyndham Int'l, Inc.*, 231 F.R.D. 98, 104 (D.D.C. 2005) (quoting *Alexander v. F.B.I.*, 186 F.R.D. 113, 121 (D.D.C. 1998) (finding that the defendants' request for a third party deposition was not unreasonably duplicative of the witness's prior testimony in a related lawsuit).  For example, while Mr. Mohr's prior testimony entailed a short discussion of Mr. Mohr's informing Mr. Mosley of a plan by KBW to have Mr. Mosley fired, the Trustee's line of questioning did not inquire about Mr. Mohr's impressions or perceptions of Mr. Mosley's reaction upon learning this information.  Nor was there any examination as to whether Mr. Mosley ever expressed any doubt to Mr. Mohr that KBW was attempting to have him fired; whether Mr. Mosley's reaction indicated that his views towards KBW were negatively affected; whether there were ever any follow-up conversations that may not have been recorded in which Mr. Mosley and Mr. Mohr further discussed this topic, and if so, what was said.  There are countless reasons why Mr. Mohr's prior testimony on this topic is insufficient for the defendants' purposes.  This subject matter is obviously relevant to the present action and it would be improper to deny the defendants the opportunity to depose Mr. Mohr simply because his counsel does not want him exposed to possible cross-examination by the Trustee's counsel.

## CONCLUSION

Accordingly, for the foregoing reasons, Defendants respectfully ask that this Court deny the motion to quash and enforce the deposition subpoena served upon Mr. Mohr.

Dated:  May 18, 2011                              Respectfully submitted,

                                                  /s/ Michael B. Slade
                                                  Brian D. Sieve, P.C. (ARDC #6199741)
                                                  Michael B. Slade (ARDC #6274231)
                                                  KIRKLAND & ELLIS LLP
                                                  200 East Randolph Drive
                                                  Chicago, Illinois  60601-6636
                                                  Telephone: (312) 861-2000
                                                  Facsimile: (312) 861-2200

                                                  Howard M. Shapiro
                                                  Patrick J. Carome
                                                  John A. Valentine
                                                  Jeannie S. Rhee
                                                  WILMER CUTLER PICKERING HALE
                                                    AND DORR LLP
                                                  1875 Pennsylvania Avenue, N.W.
                                                  Washington, DC  20006
                                                  Telephone: (202) 663-6000
                                                  Facsimile: (202) 663-6363

                                                  Mark D. Griffin
                                                  Lori H. Patterson
                                                  Kristine L. Roberts
                                                  BAKER, DONELSON, BEARMAN, CALDWELL
                                                    & BERKOWITZ, PC
                                                  First Tennessee Building
                                                  165 Madison Avenue, Suite 2000
                                                  Memphis, Tennessee  38103
                                                  Telephone:  (901) 526-2000
                                                  Facsimile:  (901) 577-0870

                                                  *Attorneys for Defendants Stephen M. Folan, Jacques
                                                  de St. Phalle, FTN Financial Securities Corp., and
                                                  First Tennessee Bank, N.A.*

- 6 -

William Gibbs Sullivan
Royal B. Martin
Mason N. Floyd
MARTIN, BROWN, SULLIVAN, ROADMAN
& HARTNETT, LTD
135 S. LaSalle St., Ste. 3200
Chicago, IL 60603
Phone: (312) 360-5000
Facsimile: (312) 360-5026

***Attorneys for Stephen M. Folan and Jacques de St. Phalle***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Reply Memorandum in Opposition of Motion to Quash Subpoena for Deposition of Barry C. Mohr, Jr.** was filed with the Clerk of the Court on May 18, 2011, which will send notification of such filings to the parties registered with the Court's CM/ECF system, including the recipients shown below.

> **Chris C. Gair**
> **Anne Paffrath Ray**
> **Gregory M. Boyle**
> **J. Kevin McCall**
> **Jeffrey Scot Eberhard**
> **Kevin Case**
> **Vincent E. Lazar**
> Jenner & Block LLP
> 353 N. Clark Street
> Chicago, IL 60654

I also certify that a true and correct copy of the foregoing **Reply Memorandum in Opposition of Motion to Quash Subpoena for Deposition of Barry C. Mohr, Jr.** was served on the recipient shown below via First Class and Electronic Mail on May 18, 2011.

> **Phillip S. Reed**
> Patzik, Frank & Samotny Ltd.
> 150 South Wacker Dr., Ste. 1500
> Chicago, IL 60606
> preed@pfs-law.com

/s/ Michael B. Slade