IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FREDERICK J. GREDE**, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust, Assignee of certain claims,<br><br>Plaintiff,<br><br>v.<br><br>**FTN FINANCIAL SECURITIES CORPORATION, JACQUES DE SAINT PHALLE,** and **FIRST TENNESSEE BANK N.A.,**<br><br>Defendants. | Case No. 09 CV 2258<br><br>Honorable James B. Zagel |
| **FREDERICK J. GREDE**, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>**STEPHEN M. FOLAN, JACQUES DE SAINT PHALLE, FTN FINANCIAL SECURITIES CORP.,** and **FIRST TENNESSEE BANK N.A.,**<br><br>Defendants. | Case No. 08 CV 6587<br><br>Honorable James B. Zagel |

## DECLARATION OF VINCENT E. LAZAR

VINCENT E. LAZAR, hereby deposes and states, pursuant to the provisions of Title 28, United States Code, Section 1746, as follows:

1. I am a partner in the law firm of Jenner & Block. I am co-chair of the firm's Bankruptcy Litigation group, and my practice focuses on bankruptcy and restructuring work. I am the attorney primarily responsible for bankruptcy and bankruptcy litigation-related aspects of the Firm's representation of Frederick J. Grede, in his capacities as chapter 11 bankruptcy trustee for Sentinel Management Group, Inc. ("Sentinel") and thereafter as Liquidation Trustee of the

Sentinel Liquidation Trust (collectively, the "Trustee"), and have personal knowledge of all matters set forth in this declaration. I submit this Declaration to support the Trustee's assertion of the common interest privilege relating to the communications between the Trustee and his counsel on one hand and certain creditors on the other hand subject to Defendants' Motion to Compel Documents Responsive to Defendants' January 5, 2011 Requests. (Dkt. 282.)

2. Jenner & Block's representation of the Trustee commenced shortly after he was appointed chapter 11 trustee for Sentinel in August 2007. Jenner & Block has acted as his counsel on all matters related to Sentinel, including coordination and consultation with the official creditor's committee and its counsel, the Liquidation Trustee Committee for the Sentinel Liquidation Trust and its counsel, and individual creditors and their counsel, concerning Sentinel-related litigation and claims that could be asserted by Sentinel's estate or individual creditors.

3. Beginning shortly after the official creditor's committee was selected by the United States Trustee in Sentinel's bankruptcy proceedings in September 2007, the Trustee and his counsel engaged in regular weekly meetings (either telephonically or in person) with the members and *ex officio* members of the official creditor's committee and its counsel, which included creditors holding a substantial majority of the customer claims in Sentinel's bankruptcy proceedings. Those regular weekly meetings continued through the date that a plan of liquidation was confirmed for Sentinel in December, 2008. Thereafter, the Trustee and his counsel continued (and to this date continue) to engage in regular meetings with the members and *ex officio* members of the Liquidation Trustee Committee and their counsel.

4. In addition, the Trustee and his counsel have had numerous meetings with individual creditors and their counsel.

5.  Since the onset of meetings in September 2007 with the creditor's committee or individual creditors, and continuing through this date, counsel to the Trustee and creditors have shared information, consulted, strategized and coordinated with each other with respect to the identification and prosecution of both estate and direct customer claims against third parties that might result in recoveries, directly or indirectly through the bankruptcy estate or Sentinel Liquidation Trust, inuring to the benefit of creditors. In October 2007, to memorialize the common interest between the Trustee and creditors that had existed since September 2007, the Trustee and creditor's committee and the Trustee and certain creditors executed both confidentiality and common interest agreements, copies of which are attached as <u>Exhibit A</u> and have been submitted for *in camera* review.

6.  Beginning in October 2007, counsel to the official creditor's committee began preparing a regular written agenda for the meetings between the Trustee and creditors' committee. Attached hereto as <u>Exhibit B</u> for *in camera* review are copies of those agendas (the Trustee did not attend the portions of the meetings involving the internal committee discussions). These agendas accurately reflect the primary topics of discussion at the weekly meetings between the Trustee and the committee, and in particular demonstrate that the Trustee and creditors coordinated litigation efforts since at least October 2007.

7.  As reflected by the agreements and meeting agendas, and based upon my personal knowledge and attendance at virtually every meeting, the interests of creditors and the estate (and thereafter the Liquidation Trust) have been 100% aligned, and have not materially diverged at any time, with respect to the pursuit of claims against third parties that might result in recoveries, directly or indirectly through the bankruptcy estate or Sentinel Liquidation Trust, inuring to the benefit of creditors. This has included sharing information, consulting, developing

strategies, coordinating the investigation, and identifying and prosecuting claims against Sentinel's insiders (the Blooms and Mosley), The Bank of New York, McGladrey & Pullen, Citadel Investment Group, repurchase agreement counterparties, First Tennessee and FTN Securities Corp., Cohen & Co. and Keefe, Bruyette & Woods. These coordinated efforts took place throughout the pendency of Sentinel's chapter 11 proceedings, and have continued following the assignment of direct Sentinel customer claims against third parties to the Sentinel Liquidation Trust in connection with confirmation of Sentinel's plan of liquidation.

8. The only matters where the interests of the Trustee and certain of Sentinel's creditors have materially diverged, and where the parties have not coordinated their litigation efforts, are matters involving disputes concerning the proper allocation of assets among creditors, including plan confirmation-related litigation, and any avoidance claims that have been asserted by the Trustee (*i.e.* the so-called "Seg 1 litigation" now pending before the Court).

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 25, 2011.

_____
Vincent E. Lazar

SUBSCRIBED AND SWORN TO
before me this 25th day of May, 2011.

_____
Notary Public

OFFICIAL SEAL
SUSAN K. PRIPUSICH
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 1-31-2012

5-25-11
_____
Date

4

1975984.1