# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FREDERICK J. GREDE, as Liquidation Trustee of the Sentinel Liquidation Trust,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STEPHEN M. FOLAN, et al.,<br><br>　　　　Defendants. | Case No. 08CV6587<br><br>Judge James B. Zagel |
| FREDERICK J. GREDE, as Liquidation Trustee of the Sentinel Liquidation Trust, Assignee of Certain Claims,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FTN FINANCIAL SECURITIES CORP., et al.,<br><br>　　　　Defendants. | Case No. 09CV2258<br><br>Judge James B. Zagel |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION TO COMPEL TRUSTEE TO PRODUCE DOCUMENTS IN**
**<u>RESPONSE TO DEFENDANTS' JANUARY 5, 2011 DOCUMENT REQUESTS</u>**

Defendants submit this supplemental memorandum in support of their Motion to Compel

Trustee to Produce Documents in Response to Defendants' January 5, 2011 Document Requests,

filed on April 12, 2011, seeking discovery related to communications between the Trustee and Sentinel's customers (Document Request No. 4).[1]

## INTRODUCTION

On May 25, 2011, the Trustee's Bankruptcy Counsel, Vincent Lazar, attempted to bolster the Trustee's ongoing effort to withhold relevant customer discovery by submitting a short declaration ("Lazar Declaration") purporting to sweep essentially *all communications* between and among the Trustee and Sentinel's customers under a cloak of secrecy based on an astonishingly broad claim of the so-called common interest privilege. This declaration, however, is entirely inadequate to establish this wholesale privilege claim. Even if the Lazar Declaration does support the finding of *some* common interest between or among the Trustee and *some* of Sentinel's customers, it does not even begin to suffice as justification for a blanket assertion of privilege over any and all otherwise responsive communications. The Trustee, of course, bears the burden to establish the privileged nature of each responsive communication on a document-by-document basis through the submission of a privilege log. In addition, the Trustee's attempt to litigate this critically important privilege question partly behind closed doors — through *in camera* submission of the agendas of all meetings of Sentinel's official committee of unsecured creditors — should also be rejected because it provides no information that Defendants might use to test and challenge, as necessary, the scope of the asserted privilege. The Court should accordingly (1) require the Trustee to provide privilege logs describing the responsive documents

---

[1] Request No. 4 seeks "all *documents* constituting, reflecting, or concerning communications, including but not limited to interviews and meetings, between, on the one hand, you or any of your lawyers, representatives or agents, and, on the other hand, any Sentinel customer or creditor or any current or former employee, officer, director, agent, counsel, or representative of any Sentinel customer or creditor. (For the sake of emphasis, you are instructed to take note of the fact that this request, like all others in this set of Requests, applies to both documents in your possession, custody or control and documents in the possession, custody or control of any of the Sentinel customers who assigned claims to you.)."

being withheld on privilege grounds; and (2) decline to review the documents submitted *in camera* and require those documents to be produced to Defendants.

## ARGUMENT

The common interest doctrine is a narrow exception to waiver that preserves privileged communications where disclosure to a third party would ordinarily destroy the valid privilege. *See, e.g.*, *United States v. BDO Seidman LLP*, 492 F.3d at 806, 815 (7th Cir. 2007) ("Although occasionally termed a privilege itself, the common interest doctrine is really an *exception* to the rule that no privilege attaches to communications between a client and an attorney in the presence of a third person.")(citation omitted)(emphasis added). Accordingly, before the common-interest doctrine can even be plausibly extended to any of the documents in question, the Trustee must *first* establish that the content of each document is covered by either the attorney-client privilege or work-product protection.[2] *Id.* (Among the factors a court must consider when determining whether the common interest doctrine applies is whether the communications "reflect lawyer's thinking or are made for the purposes of eliciting lawyer's professional advice or other legal assistance.").

---

[2] In order for the attorney-client privilege to apply, "the communication in question must be made: (1) in confidence; (2) in connection with the provision of legal services; (3) to an attorney; and (4) in the context of an attorney-client relationship." *BDO Seidman*, 492 F.3d at 815. To "invoke the protection of the work product privilege, one must show that the materials sought to be protected were prepared 'in anticipation of litigation.'" *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.,* 709 F.2d 1109, 1118 (7th Cir. 1983). "The mere fact that litigation does eventually ensue does not, by itself, cloak materials prepared by an attorney with the protection of the work product privilege; the privilege is not that broad." *Id.*

Therefore, irrespective of the Trustee's submission of the Lazar Declaration and its attachments,[3] the Trustee has failed to meet his burden of establishing that *any* of the documents responsive to Defendants' January 5, 2011 requests for customer-related documents were made, first and foremost, in connection with the provision of legal services, or prepared in anticipation of litigation. *Id.* In fact, it is highly unlikely that all (or even most) of the communications between or among the Trustee and/or his representatives and Sentinel's customers and/or their representatives were made in connection with the provision of legal advice or in anticipation of prospective litigation. "Not all information transmitted to an attorney becomes cloaked with the attorney-client privilege." *United States v. White,* 970 F.2d 328, 334 (7th Cir. 1992). The Trustee cannot assert a sweeping claim of privilege on the mere grounds that the communication was in the presence of, or somehow involved, an attorney for one or more of the parties. *See United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997) (privileges are inevitably in conflict with the court's search for truth, and thus must be narrowly constrained).

In *Medcom Holding Co. v. Baxter Travenol Labs., Inc.,* 689 F. Supp. 841, 845 (N.D. Ill. 1988), this District Court rejected a similarly categorical claim of the so-called common interest privilege as to all communications between a group of parties and their jointly retained counsel regarding sales negotiations. The court held that the broad-scale privilege claim lacked "legal and factual support," because the communications at issue pertained to a business transaction and "did not arise in the preparation of a common defense or in anticipation of impending litigation." *Id*; *see also Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 152 F.R.D. 132, 141 (N.D. Ill .1993) (the "bounds of the common interest doctrine are much more confined" than finding privilege

---

[3] In addition to the *in camera* meeting agendas, the Trustee also submitted with the Lazar Declaration a number of "confidentiality" and "common interest" agreements, attached to the declaration as Exhibit A. Initially, the Trustee submitted these agreements on a secret, *in camera* basis. After Defendants advised the Trustee's counsel of the inappropriateness of such *in camera* submission, the Trustee disclosed the agreements to Defendants.

"any time two or more contractually related parties disclosed confidential information to each other during normal business transactions"). Likewise, in the present case, many of the communications that took place between and among the Trustee and Sentinel's customers must have been strictly business and/or portfolio-related — and not in the preparation of a common defense or in anticipation of impending litigation — even if one or more attorneys was present for or somehow involved in the communication. For example, insofar as the Trustee and Sentinel's customers discussed, with respect to classes of assets in the Sentinel portfolio, the timing and order of liquidation, such discussions would have pertained solely to business concerns and not legal positions. S*ee Beneficial Franchise Co., Inc. v. Bank One, N.A.*, 205 F.R.D. 212, 216 (N.D. Ill. 2001)("To maintain the privilege, the common interest must relate to a litigation interest, and not merely a *common business interest*.")(emphasis supplied). ▮

▮▮▮▮▮▮ In no sense can documents of that nature, even if confidential, be considered to be privileged.

Furthermore, even if the Trustee could establish that one or more of the communications at issue were made for purposes of obtaining legal advice or in anticipation of litigation, his blanket assertion that all such communications were within the scope and in furtherance of a *common* legal interest shared by all participants in the communication cannot be accepted. *See BDO Seidman*, 492 F.3d at 815 (the scope of the common interest doctrine "is limited to a

common *legal* interest to which the parties formed a *common strategy*")(emphasis added); *Medcom Holding Co. v. Baxter Travenol Labs., Inc.,* 689 F. Supp. 841, 845 (declining to find the privilege where documents did not "relate to instances in which [the parties] jointly sought legal advice of any nature.").

Another reason why the Trustee's blanket claims of a common interest privilege must fail is that he has refused to comply with even the most basic obligation — applicable in virtually every case where more than a few discrete allegedly privileged documents are at issue — to provide a detailed privilege log substantiating his privilege claims on a document-by-document (or perhaps even more granular) basis. Privilege logs are a common requirement in civil litigation. Indeed, Defendants have already provided the Trustee with at least eight such logs totaling more than 380 pages in these cases (in contrast to the Trustee, who has neglected to provide even a single privilege log to Defendants). Especially given the multiple layers of analysis that the Trustee must go through to prove that any of the documents at issue is not only subject to both an underlying privilege but also qualifies (in terms of both subject matter and breadth of sharing and dissemination) for protection under the common interest doctrine, a detailed privilege log is absolutely indispensible. *BDO Seidman*, 492 F.3d at 811 ("The mere assertion of a privilege is not enough; instead, a party that seeks to invoke the attorney-client privilege has the burden of establishing all of its essential elements.")(citations omitted); *White,* 970 F.2d at 334 ("The privilege must be made and sustained on a document-by-document basis. A blanket claim of privilege…will not suffice."). For this Court and Defendants to assess the Trustee's assertions of privilege, the Trustee should be ordered to produce a privilege log identifying and briefly describing each purportedly privileged document (including identifying all persons who were party or privy to the communication in question and its general subject

matter) and indicating the nature and basis for these privilege claims. Defendants have repeatedly requested, but to no avail, that the Trustee provide such a log, including, but not limited to, information about all of the documents he is withholding on the basis of any claim of a common interest.[4]

Finally, Defendants reiterate their objection to the Trustee's resort to *in camera* submissions — in the form of copies of all of the agendas for meetings of the creditors' committee which Defendants and their counsel have never seen (Exhibit B to the Lazar Declaration, Document Number 121).[5] This Court has the discretion to decline to review these documents *in camera* and Defendants respectfully submit that the Court should decline to do so in order to ensure that this critical privilege issue is adjudicated on a level playing field. *See N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214 (1978)("the propriety of an *in camera* inspection is entrusted to the trial court's discretion."). These documents themselves are responsive to the discovery requests at issue here, and should be provided to Defendants.

*In camera* reviews are the exception rather than the rule. *See Local 3, Int'l. Bhd. of Elec. Workers, AFL–CIO v. N.L.R.B.*, 845 F.2d 1177 (2d Cir. 1988). The meeting agendas are highly unlikely to be privileged in their entirety. Mr. Lazar declares that "these agendas accurately reflect the primary topics of discussion at the weekly meetings between the Trustee and the committee…." Lazar Declaration at 3. Even if some confidential attorney-client communications or attorney work product were somehow reflected in the presumably brief and

---

[4] For example, Defendants' made this request in a May 25, 2011 Letter from Patrick Carome, Counsel for Defendants. In a May 31, 2006 letter, Anne Ray, Counsel for the Trustee, indicated that the Trustee had no intention of logging these documents.

[5] Following a meet-and-confer on May 31, 2011, the Trustee did provide to Defendants the confidentiality and common interest agreements that were also submitted to this court for *in camera* review.

summary form of these meeting agendas, and even if that same information were also shown to fall within the limited scope of an established common interest shared by all recipients, it is highly doubtful, to say the least, that every single agenda item on every one of the agendas could satisfy all of these criteria.  By email on May 26, 2011, counsel for Defendants requested that the Trustee produce at least redacted versions of these agendas so that Defendants might, in some measure, be able to participate in the process of testing whether the Trustee has met the burden of supporting his blanket claim of common interest privilege.  The Trustee refused to do so at a meet-and-confer on May 31, 2011.  The Defendants accordingly seek this Court's exercise of appropriate discretion not to review the agendas *in camera* and to require their production to Defendants so that Defendants do not have to litigate these important privilege questions with one hand tied behind their backs.

## **CONCLUSION**

For the foregoing reasons, the Lazar declaration is wholly inadequate to support the Trustee's blanket assertion of the common interest privilege for essentially *all* otherwise responsive communications between or among the Trustee and/or Sentinel's customers. Defendants respectfully request that the Court (1) order the Trustee to produce logs describing the documents withheld on privilege grounds; and (2) decline to review the documents submitted *in camera* on May 25, 2011, and require those documents to be produced to Defendants.

Dated:  June 2, 2011                                          Respectfully submitted,

/s/ Michael B. Slade
Brian D. Sieve, P.C. (ARDC #6199741)
Michael B. Slade (ARDC #6274231)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000

Facsimile: (312) 862-2200

Howard M. Shapiro
Patrick J. Carome
John A. Valentine
WILMER CUTLER PICKERING HALE
 AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Mark D. Griffin
Lori H. Patterson
Kristine L. Roberts
BAKER, DONELSON, BEARMAN, CALDWELL
 & BERKOWITZ, PC
First Tennessee Building
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
Facsimile: (901) 577-0870

*Attorneys for Defendants Stephen M. Folan, Jacques de St. Phalle, FTN Financial Securities Corp., and First Tennessee Bank, N.A.*

William Gibbs Sullivan
Royal B. Martin
Mason N. Floyd
MARTIN, BROWN, SULLIVAN, ROADMAN
& HARTNETT, LTD
135 S. LaSalle St., Ste. 3200
Chicago, IL 60603
Phone: (312) 360-5000
Facsimile: (312) 360-5026

*Attorneys for Stephen M. Folan and Jacques de St. Phalle*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL TRUSTEE TO PRODUCE DOCUMENTS IN RESPONSE TO DEFENDANTS' JANUARY 5, 2011 DOCUMENT REQUESTS** was filed with the Clerk of the Court on June 2, 2011, which will send notification of such filings to the parties registered with the Court's CM/ECF system, including the recipients shown below.

> **Chris C. Gair**
> **Anne Paffrath Ray**
> **Gregory M. Boyle**
> **J. Kevin McCall**
> **Jeffrey Scot Eberhard**
> **Kevin Case**
> **Vincent E. Lazar**
> Jenner & Block LLP
> 353 N. Clark Street
> Chicago, IL 60654

/s/ Michael B. Slade