**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **FREDERICK J. GREDE**, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust, Assignee of certain claims, | ) ) ) | Case No. 09 CV 2258 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Honorable James B. Zagel |
| | ) | |
| **FTN FINANCIAL SECURITIES CORPORATION, JACQUES DE SAINT PHALLE,** and **FIRST TENNESSEE BANK N.A.,** | ) ) ) ) ) | |
| Defendants. | | |

_____

| | | |
|---|---|---|
| **FREDERICK J. GREDE**, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust, | ) ) ) | |
| | ) | Case No. 08 CV 6587 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Honorable James B. Zagel |
| **STEPHEN M. FOLAN, JACQUES DE SAINT PHALLE, FTN FINANCIAL SECURITIES CORP.,** and **FIRST TENNESSEE BANK N.A.,** | ) ) ) | |
| Defendants. | ) ) | |

**TRUSTEE'S OPPOSITION TO DEFENDANTS' MOTION
TO CONTINUE THE TRIAL CURRENTLY SET FOR AUGUST 9, 2011**

Discovery has been open on all issues for a year, and the August 9, 2011 trial date has been set for nearly eight months. In that time, Defendants have taken approximately 40 days of deposition testimony, have received documents from the Trustee, every assigning customer, and numerous third parties, have received hundreds of interrogatory and RFA responses, and have submitted three detailed expert reports. Nevertheless, they now claim that it would be "impossible for Defendants to prepare adequately for a trial set to begin on August 9, 2011."

This is not the first time Defendants have made that claim. They made the same argument in October 2010 in opposing the Trustee's motion to set a trial date and more recently at the April 18, 2011 hearing in opposing the Trustee's motion to consolidate the Estate and Customer Actions and in opposing the Trustee's request to exchange expert reports on May 18, 2011. Nothing has changed in the subsequent weeks, and Defendants have not provided any basis warranting a continuance, let alone the indeterminate continuance of "at least" three months they seek.

**A. Customer Depositions**

Defendants first identify supposed issues pertaining to customer depositions, none of which Defendants have raised with the Court, require resolution at this time, or warrant a continuance.[1] For example, Defendants state that depositions of representatives of Discus and Lake Shore, Sentinel's two largest customers, remain to be scheduled. (Mot. at 7-10.) However, Defendants have had ample time to complete the necessary discovery prior to trial. As Defendants acknowledge, the deposition of Jacques Sauliere, Discus' 30(b)(6) representative, is scheduled for next week. There are three additional Discus depositions Defendants seek. One is of a witness (Philippe Jordan) who Defendants have not even subpoenaed yet. Their failure to do so cannot serve as a basis to continue the trial. The second deposition is of a witness (Anis Kraiem) who is no longer employed at Discus. On May 6, 2011, this Court granted Defendants' Motion for Issuance of Letters Rogatory for the deposition of Anis Kraiem in France, but

---

[1] Defendants contend that the customer depositions have "been highly revealing" and support either a contributory negligence or ratification defense. (Mot. at 6.) The portions of those depositions to which Defendants cite do not support either defense, and Defendants have omitted countless other excerpts that demonstrate that the customers did not authorize, did not know, and had no reason to know that Defendants had sold Sentinel hundreds of millions of dollars in unsuitable PreTSLs. In any event, Defendants' puffery has no relevance to their plea for abatement.

2

Defendants waited until June 1, 2011 to submit its Letter of Request to the Court. The third witness (Souhaeil Chaouachi) is someone who Defendants know had no substantive involvement with Sentinel because Mr. Sauliere testified to that effect at the BONY trial.

With respect to Lake Shore, Defendants have already deposed two witnesses and have obtained leave to depose a third (Phil Baker). They claim to need a fourth deposition of a witness in Canada who may or may not have knowledge regarding relevant issues. But again, Defendants waited nearly a month to submit its Letter of Request, belying any assertion that a delay in his deposition justifies a continuance.

The last issue regarding customer depositions that Defendants raise is their contention that one corporate representative of one assigning customer (Steve Schnur for 2100 Capital Multi-Strategy Master Fund) was inadequately prepared. However, his deposition was over three weeks ago, and Defendants did not raise any supposed concerns until their Motion. Moreover, Defendants do not cite to any portions of his deposition to support their contention that he was inadequately prepared.[2] Defendants claim to need an additional deposition relating to this customer, but have not served a subpoena for one. If they do, there will be ample time to complete the deposition prior to trial.

Defendants have been afforded a wide leash with respect to customer depositions. They have deposed multiple witnesses from the customers, often for up to 10 hours for each witness. They have chosen to use that time to explore for hours the witnesses' backgrounds well prior to any dealings with Sentinel, to examine witnesses for hours on documents they never saw, and to badger witnesses regarding irrelevant issues such as the result of the BONY trial and the fees

---

[2] Mr. Schnur was not inadequately prepared. Defendants served a Rule 30(b)(6) subpoena on an entity – 2100 Capital – that no longer exists. Mr. Schnur had contemporaneous knowledge regarding 2100 Capital's relationship with Sentinel at the time and testified regarding the relevant issues based on facts known or reasonably available to him given the circumstances.

incurred in litigation against other parties. The claim that the few remaining depositions justify a continuance is baseless.

### B. Customer Document Production

Defendants next contend that there are issues with the customers' document production that warrant a continuance and have filed a Motion to Compel contemporaneously with its Motion for Continuance. (Mot. at 11.) As shown in the Trustee's Response, that Motion to Compel is a smokescreen. There are no issues that require Court intervention, and if there are any documents that remain to be produced, they are few and will be produced to Defendants well before trial.

### C. Liquidation Document Production

Defendants also contend that the Trustee has delayed in producing documents relating to the management and liquidation of Sentinel's portfolio. (Mot. at 12-14.) This is incorrect. Defendants have had the documents relating to the Trustee's liquidation of the relevant PreTSLs for months. The documents to which Defendants refer relate to the Trustee's liquidation of other securities and other issues relating to his management of the portfolio that were discussed at the May 6, 2011 hearing. Defendants' arguments regarding those documents are based on a misunderstanding. At the May 6 hearing counsel for the Trustee stated that the universe of potentially responsive documents was "hundreds of thousands of documents." Counsel misspoke. The correct potential universe of documents was hundreds of thousands of pages, not documents – due to the fact that many of the documents are lengthy spreadsheets. Since the May 6 hearing, the Trustee has produced to Defendants over one hundred-thousand pages of documents relating to the management and liquidation of the portfolio, constituting the vast

majority of documents on these issues that exist. The Trustee is completing his production of those documents and expects to make his final production of documents next week.

Accordingly, Defendants have or will shortly have all of the documents they seek. Defendants cannot seriously claim any prejudice. They have already submitted a detailed expert report claiming no damages based on the Trustee's alleged delays in liquidating PreTSLs. Thus, this issue does not warrant a continuance.

### D. Miscellaneous Remaining Discovery

Finally, Defendants identify a hodgepodge of other outstanding discovery, such as 30(b)(6) depositions of both the Trustee and FTN and expert discovery, that remain. (Mot. at 15-16.) At the May 6, 2011 hearing, in opposing the Trustee's request to exchange expert reports on May 18, Defendants claimed this date would leave insufficient time prior to trial to complete expert discovery. The Court disagreed. Nothing has changed. Defendants will have ample time to prepare rebuttal reports and depose the Trustee's experts prior to trial.[3]

For all of the foregoing reasons, this Court should deny Defendants' request for a continuance. Defendants' Motion is nothing more than an eleventh-hour stall tactic and does not raise any issues that will preclude Defendants from trying this case on the scheduled date.


Dated: June 2, 2011                         Respectfully submitted,

                                             /s/ Jeffrey S. Eberhard
                                            FREDERICK J. GREDE, not individually but as
                                            Liquidation Trustee of the Sentinel Liquidation
                                            Trust, and Assignee of certain claims

---

[3] Defendants cannot seriously contend that the scope of the Trustee's expert opinions is improper or overbroad. They have submitted 3 expert reports on the same issues – which not surprisingly reach the opposite conclusions.

J. Kevin McCall (ARDC # 03125685)
Chris C. Gair (ARDC # 6190781)
Gregory M. Boyle (ARDC #6242559)
Jeffrey S. Eberhard (ARDC # 6276471)
Anne P. Ray (ARDC #6291910)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL  60654
Phone: (312) 222-9350
Facsimile: (312) 527-0484

*Counsel for the Liquidation Trustee*