IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FREDERICK J. GREDE**, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust, Assignee of certain claims,<br><br>      Plaintiff,<br>v.<br><br>**FTN FINANCIAL SECURITIES CORPORATION, JACQUES DE SAINT PHALLE,** and **FIRST TENNESSEE BANK N.A.,**<br><br>      Defendants. | Case No. 09 CV 2258<br><br>Honorable James B. Zagel |
| **FREDERICK J. GREDE**, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust,<br><br>      Plaintiff,<br>v.<br><br>**STEPHEN M. FOLAN, JACQUES DE SAINT PHALLE, FTN FINANCIAL SECURITIES CORP.,** and **FIRST TENNESSEE BANK N.A.,**<br><br>      Defendants. | Case No. 08 CV 6587<br><br>Honorable James B. Zagel |

### TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION TO SET A SUMMARY JUDGMENT BRIEFING SCHEDULE

Defendants have moved for leave to file a summary judgment motion and to set a briefing schedule. This Court has already stated that this is "not a case you're going to get on summary judgment" and "that it's going to go to trial." (6/11/10 Tr. at 9, 11.) Thus, Defendants' attempt to squeeze summary judgment into an already-packed pre-trial schedule is unnecessary.

If the Court grants Defendants leave to file for summary judgment, the Trustee needs until July 29, 2011 – and not Defendants' proposed 14 days (July 11) – to prepare and file his response. As Defendants state, this is a complex case, and Defendants apparently intend to seek summary judgment on every count in the case. (Mot. at 9.) The Trustee needs adequate time to respond.

To the extent Defendants object because this means that the motion will not be fully briefed until weeks before trial, that is not a reason to require the Trustee to respond on July 11. The arguments Defendants anticipate making on summary judgment are based on legal issues and evidence they have known about for months. Defendants have represented in numerous Court filings over the past several months that they would be moving for summary judgment. The fact that Defendants waited until two months before trial to seek leave to file for summary judgment and then, if leave is granted, seek to wait until June 27 to serve their motion is not a sufficient reason to limit the Trustee's time to respond to two weeks.[1] Accordingly, if the Court grants leave for Defendants to file a summary judgment motion on June 27, the Court should enter a briefing schedule permitting the Trustee to serve his opposition papers on July 29, 2011, with no reply brief.

Dated: June 16, 2011                    Respectfully submitted,

                                         /s/ Jeffrey S. Eberhard
                                        FREDERICK J. GREDE, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust, and Assignee of certain claims

---

[1] Defendants apparently seek to file two separate 25-page briefs. Given that these cases have been consolidated, Defendants should be limited to one 25-page brief.

J. Kevin McCall (ARDC # 03125685)
Chris C. Gair (ARDC # 6190781)
Gregory M. Boyle (ARDC #6242559)
Jeffrey S. Eberhard (ARDC # 6276471)
Anne P. Ray (ARDC #6291910)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Phone: (312) 222-9350
Facsimile: (312) 527-0484

*Counsel for the Liquidation Trustee*