# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FREDERICK J. GREDE, as Liquidation Trustee of the Sentinel Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN M. FOLAN, et al.,<br><br>Defendants. | Case No. 08CV6587<br><br>Judge James B. Zagel |
| FREDERICK J. GREDE, as Liquidation Trustee of the Sentinel Liquidation Trust, Assignee of Certain Claims,<br><br>Plaintiff,<br><br>v.<br><br>FTN FINANCIAL SECURITIES CORP., et al.,<br><br>Defendants. | Case No. 09CV2258<br><br>Judge James B. Zagel |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR
## MOTION FOR SUMMARY JUDGMENT BRIEFING SCHEDULE

In their motion, Defendants simply proposed a briefing schedule to govern their forthcoming summary judgment motions. In his response, however, the Trustee—though notably offering no response to the extensive substantive arguments proffered in the motion—takes the remarkable position that motions for summary judgment should be denied entirely. *See* Resp. 1. The Trustee offers no authority for that position, other than suggesting that an off-hand comment

by this Court following the trial in *Grede v. The Bank of New York Mellon* more than a year ago means that the Court has prejudged the need for a trial in this case without seeing the evidence.

The Trustee's lack of authority is not surprising given that both the Federal Rules of Civil Procedure and this Court's rules expressly authorize motions for summary judgment, and nowhere indicate that such motions may be prohibited. Courts have long recognized the non-permissive nature of the summary judgment procedure. The Supreme Court, for example, has stated that "Rule 56 must be construed with due regard… for the *rights* of persons opposing… claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." *Celotex Corp. v. Catrett* 477 U.S. 317, 327 (1986) (emphasis added); s*ee also Daily Press, Inc. v. United Press Int'l*, 412 F.2d 126, 128 (6th Cir.) (Rule 56 "applies in all civil actions"), *cert. denied*, 396 U.S. 990 (1969); FED. R. CIV. P. 56 advisory committee notes ("This rule is applicable to all actions").

In the face of this authority, the Trustee offers no logic for his position, and none is apparent. If Defendants are indeed entitled to summary judgment on one or more counts (or even all counts), then it would be an enormous waste of resources to nonetheless require a trial on those counts: a waste of the parties' resources, a waste of this Court's resources, and a needless burden on the jurors empaneled to hear any counts that might survive summary judgment. The Court should not accept the Trustee's invitation to disregard the rules of procedure and proceed to trial on matters as to which there is no genuine issue of material fact.

The Trustee argues in the alternative that he requires more than a month to respond to Defendants' summary judgment motions. *See* Resp. 2. As he recognizes, that would mean that the motions would not be fully briefed until shortly before trial, perhaps. *See id.* This raises the possibility that this Court would not have adequate time to fully consider the motion prior to trial.

Such a scenario should be avoided. Defendants submit that their proposed schedule, including 14 days for the Trustee's responses, is reasonable given the relatively brief discovery and pre-trial schedule under which these cases have been conducted—particularly since most of the evidence on the relevant issues has previously been amassed by the Trustee in order to respond to Defendants' contention interrogatories.

Finally, the Trustee asserts that Defendants should be denied any reply brief. *See* Resp. 2. Here too the Trustee offers neither authority nor logic for this position, which departs from the near-universal practice throughout all levels of the federal judiciary regarding motions (and briefs). That practice, of course, is grounded in simple fairness, providing each party with an opportunity to respond to the other party's arguments. There is no basis to disregard that longstanding approach here.

WHEREFORE, Defendants respectfully request that the Court enter an order adopting their proposed briefing and service schedule for their motions for summary judgment.

Dated: June 17, 2011                     Respectfully submitted,

/s/ Brian Staudt
Brian D. Sieve, P.C. (ARDC #6199741)
Michael B. Slade (ARDC #6274231)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

Howard M. Shapiro
Patrick J. Carome
Jeannie Rhee
John A. Valentine
Brian Staudt
WILMER CUTLER PICKERING HALE
  AND DORR LLP
1875 Pennsylvania Avenue, N.W.

Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Mark D. Griffin
Lori H. Patterson
Kristine L. Roberts
BAKER, DONELSON, BEARMAN, CALDWELL
  & BERKOWITZ, PC
First Tennessee Building
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
Facsimile: (901) 577-0870

***Attorneys for Defendants Stephen M. Folan, Jacques de St. Phalle, FTN Financial Securities Corp., and First Tennessee Bank, N.A.***

William Gibbs Sullivan
Royal B. Martin
Mason N. Floyd
MARTIN, BROWN, SULLIVAN, ROADMAN
& HARTNETT, LTD
135 S. LaSalle St., Ste. 3200
Chicago, IL 60603
Phone: (312) 360-5000
Facsimile: (312) 360-5026

***Attorneys for Stephen M. Folan and Jacques de St. Phalle***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT BRIEFING SCHEDULE** was filed with the Clerk of the Court on June 17, 2011, which will send notification of such filings to the parties registered with the Court's CM/ECF system, including the recipients shown below.

Chris C. Gair, Esq.
James Kevin McCall, Esq.
Jeffrey S. Eberhard, Esq.
Gregory M. Boyle, Esq.
Anne Paffrath Ray, Esq.
Kevin Case, Esq.
Vincent E. Lazar, Esq.
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
*Attorneys for the Liquidation Trustee*

/s/ Brian Staudt

Brian Staudt
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC  20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363