IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK J. GREDE, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust, Assignee of certain claims, | ) ) ) ) | |
| | ) | Case No. 09 CV 2258 |
| Plaintiff, | ) | Honorable James B. Zagel |
| | ) ) | |
| v. | ) ) | |
| FTN FINANCIAL SECURITIES CORPORATION, FIRST TENNESSEE BANK N.A., and JACQUES DE SAINT PHALLE, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) ) | |
| FREDERICK J. GREDE, as Liquidation Trustee of the Sentinel Liquidation Trust, | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. 08 CV 06587 |
| v. | ) ) | Honorable James B. Zagel |
| STEPHEN M. FOLAN, JACQUES DE SAINT PHALLE, FTN FINANCIAL SECURITIES CORP., and FIRST TENNESSEE BANK, N.A., | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | _____ |

**DEFENDANTS' RESPONSE IN OPPOSITION TO TRUSTEE'S MOTION
TO COMPEL DEFENDANTS FOLAN AND DE ST. PHALLE TO
APPEAR FOR THE COMPLETION OF THEIR DEPOSITIONS**

Defendants Stephen Folan and Jacques de St. Phalle respond in opposition to

Trustee's Motion to Compel Defendants Folan and de St. Phalle to Appear for the

Completion of Their Depositions as follows:

## INTRODUCTION

The Trustee moves to compel the completion of the depositions of Defendants Folan and de St. Phalle.  Both Messrs. Folan and de St. Phalle have been examined by the Trustee exhaustively.  Each has endured three full days of examination.  Mr. Folan has been deposed for more than twenty hours, resulting in almost 900 pages of transcript.  Mr. de St. Phalle has been deposed for more than twenty hours, resulting in 870 pages of transcript.  Messrs. Folan and de St. Phalle have been subjected to examination and re-examination on matters relevant, irrelevant, material and immaterial.  The Trustee is in possession of Mr. Folan's transcript (245 pages) and Mr. de St. Phalle's transcript (311 pages) from their full-day examinations before the SEC relating to its investigation of Sentinel Management Group, Inc.  Defendants have also spent countless hours preparing responses to multiple sets of interrogatories, requests for documents and requests for admission.

The Trustee's Motion does not identify the subject matter(s) about which he wants to examine Messrs. Folan and de St. Phalle, nor does he explain why six days of examination by his lawyers and 2,298 pages of transcript are insufficient.  The Trustee argues that he isn't finished and wants more.  He has had more than ample opportunity to examine Messrs. Folan and de St. Phalle on every topic conceivably relevant to his claims.  The Trustee's Motion to Compel should be denied.

## LEGAL STANDARD

When a district court considers a motion to compel, it must evaluate such factors as timeliness, good cause, utility, and materiality. *CSC Holdings, Inc. v. Redisi*,

309 F.3d 988, 993 (7th Cir. 2002), citing *Farmer v. Brennan,* 81 F.3d 1444, 1449 (7th Cir.1996), see also Fed. R. Civ. P. 30(d)(1) Advisory Committee's Notes ("The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order").

## ARGUMENT

The Trustee fails to articulate why additional testimony of Mr. Folan and Mr. de St. Phalle is necessary. The Trustee's Motion does not identify subject matters or issues in relation to which he wishes to examine Messrs. Folan and de St. Phalle, nor has he presented any justification for a fourth day of testimony. Instead, the Trustee argues he is not finished, and should be granted additional deposition time of both defendants.

The Federal Rules do not allow for endless time to depose a party or witness. Federal Rule of Civil Procedure 30(d)(1) states, "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours…" *Id.* Messrs. Folan and de St. Phalle never agreed to sit for unlimited examination from the Trustee's lawyers. As the Court recognized, the time has come to prepare this case for trial. On June 3, 2011 the Court said

> I don't doubt that you could spend more time on discovery, but there are cases like this, and even since in smaller cases, situations in which you're never going to get every jot and tittle…simply because it's not possible to do it. The balance is always between the proposition that the dispute should be resolved, and it is not a prerequisite to resolving the resolution of these cases where everybody knows every piece of information that could possibly be acquired.

Transcript of Proceedings, June 3, 2011, pages 22-23, attached hereto as Exhibit 1.

At that same hearing, Trustee's counsel stated the following:

> There's no question that good, capable lawyers, especially a large group of them, can find a limitless amount of work that needs to be done or could be done and might produce some marginal benefit towards trial, but it has to end at some point in time.

Exhibit 1, pages 19-20.

Defendants agree. The rules do not allow for endless depositions. "The 7-hour rule necessitates, especially in complex cases, that almost all depositions will be under-inclusive. The examiner therefore, must be selective and carefully decide how to apportion her time." *In re Sulfuric Acid Antitrust Litig.*, 230 F.R.D. 527, 532 (N.D. Ill. 2005). "The decision of what to ask at a deposition is no different than the decision of what to include in a brief in a court of appeals or the Supreme Court. There, one is limited by word count, making it impossible to include every argument one desires and to say as much about each argument at [sic] one perhaps would like. The content of a deposition is constrained by temporal limitations, but they are no less constricting." *Id.* at 535. The Trustee has had ample opportunity to develop the facts known to Defendants Folan and de St. Phalle necessary for trial. As the Trustee said at the June 3 hearing, ". . . [I]t has to end at some point in time." Exhibit 1, page 20. The Trustee's Motion to Compel should be denied.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court enter

an order denying the Trustee's Motion to Compel Defendants Folan and de St. Phalle

to Appear for the Completion of their Depositions.

Respectfully submitted,


/s/William G. Sullivan


MARTIN, BROWN, SULLIVAN,
       ROADMAN & HARTNETT, LTD.
135 South LaSalle Street
Suite 3200
Chicago, Illinois 60604
(312) 360-5000
P:\Clients\1595.001 Folan\Pleadings\Resp in Opp to Mot to Compel.wpd