IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FREDERICK J. GREDE**, as Liquidation Trustee of the Sentinel Liquidation Trust, <br><br> Plaintiff, <br> v. <br><br> **STEPHEN M. FOLAN, JACQUES DE SAINT PHALLE,** and **FTN FINANCIAL SECURITIES CORP.,** <br><br> Defendants. | Case No. 08 CV 6587 <br><br> Honorable James B. Zagel |

## TRUSTEE'S MOTION FOR LEAVE TO AMEND COMPLAINT

The Trustee moves, pursuant to Federal Rule of Civil Procedure 15, for leave to amend the Complaint in the form set forth in Exhibit A. (Exhibit B is a redline comparison to the original complaint.) The purpose of the amendment is to combine certain counts and dismiss others to streamline the case for trial. Amending the complaint now for this purpose will not prejudice defendants or have a material impact on the parties' preparation of this case for trial. Leave should be granted to file the Second Amended Complaint.

Under Rule 15, where a party seeks leave to amend a complaint after an answer has been served, a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485, 2496 (2010). Thus, absent special circumstances such as undue delay, undue prejudice to the party opposing the motion, or futility, amendment should be allowed. *Eastern Natural Gas Corp. v. Aluminum Co. of Am.*, 126 F.3d 996, 999 (7th Cir. 1997).

Here, justice requires that this Court grant the Trustee leave to amend the complaint to combine certain counts and dismiss others. Specifically, the Trustee dismissed Counts One (Aiding and Abetting/Knowing Participation in Mosley's Breach of Fiduciary Duty), Seven

(Negligent Misrepresentation), Nine (Violation of the Illinois Consumer Fraud Act), Ten (Negligence), and Eleven (Unjust Enrichment). The Trustee combined Counts Three, Five, and Eight (Securities Fraud in Violation of U.S.C.§ 78j(b) and Rule 10(b)-5(a)-(c)), and Counts Four and Six (Violation of the Illinois Blue Sky Law 815 ILCS5/12). No substantive factual allegations have been added. To the extent allegations appear as additions on Exhibit B, they have only been moved from one location to another as part of the process of combining counts. Defendants have been aware for a number of weeks that the Trustee intended to seek leave to amend his complaint as set forth in this Motion. Accordingly, the amendments will not prejudice defendants in any way and granting leave to amend the complaint in this instance will allow the parties to better define the issues and focus their trial preparations.

For the foregoing reasons, this Court should grant the Trustee leave to file the Second Amended Complaint.

Dated: June 23, 2011

Respectfully submitted,

FREDERICK J. GREDE, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust

By: ___*/s/ Gregory M. Boyle*___
  One of his attorneys

J. Kevin McCall (ARDC # 03125685)
Chris C. Gair (ARDC # 6190781)
Gregory M. Boyle (ARDC #6242559)
Jeffrey S. Eberhard (ARDC # 6276471)
Anne P. Ray (ARDC #6291910)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL  60654
Phone: (312) 222-9350
Facsimile: (312) 527-0484

*Counsel for the Liquidation Trustee*