# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6587 | **DATE** | July 15, 2011 |
| **CASE TITLE** | GREDE V. FOLAN | | |

**DOCKET ENTRY TEXT:**

Defendants' "Motion to Compel the Trustee to Search for and Produce All Responsive Customer Documents Pursuant to Defendants' January 5, 2011 Requests" [295] is DENIED IN PART and GRANTED IN PART.

## STATEMENT

The motion to compel is denied in significant part. The basic premise of a large portion of the motion is that the Trustee has undertaken insufficient efforts to produce responsive, non-privileged documents of various assigning customers. Defendant has constructed this premise based mostly on very small snippets of depositions with the customers themselves. It is true that in a few instances a handful of documents came to light which otherwise may have gone unproduced. But these instances represent an infinitesimal fraction of the documents which Trustee has produced, and none are claimed to have added in any meaningful way to a claim or defense at issue. To the extent the motion to compel relies on a theory of simply inadequate production, it is denied.

I do grant one aspect of Defendants' motion relating to documents purportedly falling under the common interest privilege. In my previous order addressing these documents, I found that the Trustee's claims of common interest privilege are likely well-founded, but that Defendant could test through discovery when, precisely, the privilege attached. In response to that order, the Trustee provided the declaration of Sentinel bankruptcy counsel Vincent Lazar of Jenner & Block, who detailed the time line of his coordination with the customers customers. Based on that declaration and the supporting documentation, I now determine that the privilege attached in September, 2007, when a formal coordination agreement was entered into by Sentinel and the customers.

He additionally provided documentation supporting his claim of litigation coordination, to include agenda items from meetings with the customers that took place. It is those agendas, in appropriately redacted form, that I order produced so that Defendants can confirm that the privilege is properly invoked.

Defendant is reminded that, to the extent they seek documents sounding in the assigning customers'

| STATEMENT |
|---|
| impressions of the litigation, I have expressly held that subject to be cloaked in the common interest privilege. I grant the production of the redacted agendas solely to allow Defendants to test whether there may possibly be some communications that stand outside of this subject area, are still relevant and otherwise non-privileged, and have not been produced already - a prospect I deem unlikely. |
| |